May Term,
1853.

BAINUM
v.
SMALL.

</div>

---

## BAINUM *v.* SMALL.

The declaration in a suit for trespass before a justice of the peace, contained two counts. The first concluded "to the damage of the said plaintiff in the sum of fifty dollars, and he sues, &c." The conclusion of the second count was as follows: "Whereupon, by reason of all the foregoing premises, the plaintiff saith that he is injured and hath sustained damage to the amount of fifty dollars, and he sues," &c. *Held,* that the words, "by reason of all the foregoing premises," must be re-

May Term,
1853.

BAINUM
v.
SMALL.
Monday,
May 23.

stricted to the matters set forth in the second count; and that a motion to dismiss the suit, upon appeal in the Circuit Court, for the want of jurisdiction of the justice, was correctly sustained.

ERROR to the *Dearborn* Circuit Court.

DAVISON, J.—*Bainum* sued *Small*, in trespass, before a justice of the peace. The declaration contains two counts, each of which concludes in damage to the amount of 50 dollars. Motion before the justice to dismiss the suit overruled, and judgment for the plaintiff. The defendant appealed.

In the Circuit Court the defendant moved to dismiss the suit, for the reason that the cause was not within the jurisdiction of a justice. The Court sustained the motion and dismissed the suit. Judgment was rendered for the defendant.

The first count in the declaration concludes, "to the damage of the said plaintiff of the sum of 50 dollars, and he sues," &c. And the conclusion of the last count is as follows: "Whereupon, by reason of all the foregoing premises, the plaintiff saith that he is injured, and hath sustained damage to the amount of 50 dollars, and he sues," &c. Justices of the peace have jurisdiction in "all actions founded in tort, wherein the damages demanded or the value of the property claimed does not exceed 50 dollars." R. S. 1843, c. 47, s. 2.

The question to be considered is, Do the damages demanded in this declaration, exceed 50 dollars?

The plaintiff contends that the words, "by reason of all the foregoing premises," in the conclusion of the last count, restrict the claim of damages in the action to 50 dollars. His position is not correct. "Each count in a declaration is a separate cause of action." *Swift* v. *Woods*, 5 Blackf. 97. In the present case, the first count presents an entire cause of action, and damages are therein laid and sued for. There is no reason why the claim of 50 dollars in that count should not be considered in estimating the whole amount demanded in the action.

The first count, then, being in itself complete, we think that the words, "by reason of all the foregoing premises,"

must be restricted to the matters set forth in the last count.

The plaintiff refers to *Wetherill* v. *The Inhabitants, &c.*, 5 Blackf. 357. In that case the Court say, "In assumpsit and other actions sounding in damages, the sum laid in the conclusion to the declaration, constitutes the amount of the plaintiff's claim."

The language quoted obviously applies where there is one conclusion only to the whole declaration. In the case under consideration, each count has its own conclusion, and in each damages are laid and claimed.

We think that the plaintiff by his declaration demands 100 dollars in damages, a sum which, in this action, exceeds the jurisdiction of a justice.

*Per Curiam.*—The judgment is affirmed with costs.

*T. Gazlay*, for the plaintiff.

*J. Ryman*, for the defendant.