LEATHERS *v.* HOGAN and Another.

Suit commenced before a justice, after the act of 1861 (Acts 1861, p. 141) went into force. The damages claimed were two hundred dollars. On appeal to the Common Pleas, the cause was dismissed for want of jurisdiction in the justice.

*Held*, that the dismissal was error, and that the justice had jurisdiction of the cause.

*Thursday, December 5.*

APPEAL from the *Hendrick's* Common Pleas.

PERKINS, J.—Suit before a justice of the peace for an injury to property, in which the damages claimed were two hundred dollars. It was not a suit in which the title to lands came in question. It was dismissed below for want of jurisdiction. It was commenced after the Acts of 1861 came into force. The dismissal was error. An act passed *March* 11, 1861, declares that "justices of the peace shall have jurisdiction to try and determine suits founded on contract or tort, where the debt or damage claimed, or the value of the property sought to be recovered, does not exceed one hundred dollars, and concurrent jurisdiction to the amount of two hundred dollars, but the defendant may confess judgment for any sum not exceeding three hundred dollars. No justice shall have jurisdiction in any action of slander, for malicious prosecution, or breach of marriage contract, nor in any action wherein the title to lands shall come in question, or the justice be related by blood or marriage to either party." Acts 1861, p. 141.

Jurisdiction as to subject matter, is power to hear and determine a cause. Concurrent jurisdiction is that which is possessed concurrently with another court, over a given subject matter; and where original jurisdiction is given to two courts, over a given subject matter, the jurisdiction is concurrent without its being expressly said so; and neither of the courts possesses the jurisdiction any the less because the word concurrent may be used in conferring jurisdiction.

The section of the statute above quoted, then, means the same as though it read thus, on the point of jurisdiction: Justices of the peace shall have original jurisdiction in actions of contract and tort, to the amount of one hundred

dollars. Justices of the peace shall have original jurisdiction in such actions to the amount of two hundred dollars. Justices of the peace shall have jurisdiction to enter judgments by confession to the amount of three hundred dollars.

The first clause in the section, giving jurisdiction to the extent of one hundred dollars, is surplusage, because the greater jurisdiction conferred by the second clause includes the less; but surplusage, though it may produce obscurity and confusion, does not, of itself, absolutely vitiate. It may, it is true, in some cases, produce so great a degree of uncertainty as to render an act void for that cause. This is not such a case.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for trial.

*Geo. K. Carter* and *W. W. Leathers*, for the appellant.
*C. C. Nave* and *J. Witherow*, for the appellee.