HARRELL *v.* HAMMOND'S Administrator.

JUSTICE OF THE PEACE—JURISDICTION.—Under the act of *March* 11, 1861, justices of the peace have jurisdiction in actions of replevin where the value of the property sought to be recovered, or the damages claimed, do not exceed $200.

DESCENTS—WIDOW'S PORTION.—Under the statute, the widow is entitled, before any distribution, to $300 of personal property, which may be selected by her at the appraisement, but before the property can vest in her there must be an appraisement, in the course of administration, and a selection by her under the appraisement.

HUSBAND AND WIFE—WITNESS.—The defendant in an action of replevin offered his wife as a witness to prove that the property in controversy was her separate property.

*Held*, that as the wife was not a party to the suit, and the proposed evidence was only admissible to support a plea of property in another, it was evidence for the husband, and the witness was incompetent under the statute.

APPEAL from the *Ripley* Circuit Court.

GREGORY, J.—Replevin, commenced before a justice of the peace, by the appellee against the appellant.

The complaint alleged that the property involved was of the value of $118, and $20 damages were claimed for the detention thereof. Motion to dismiss for the want of jurisdiction overruled.

This presents the first question for our determination. The act of *March* 11, 1861, governing this case, provides that "justices of the peace shall have jurisdiction to try and determine suits founded on contract or tort, when the debt or damage claimed, or the value of the property sought to be recovered, does not exceed $100, and concurrent jurisdiction to the amount of $200, but the defendant may confess judgment for any sum not exceeding $300." This is by no means a statute free from ambiguity. It does not give the justice exclusive jurisdiction in any sum, and yet it confers concurrent jurisdiction in an amount greater than that conferred in the provision for the general jurisdiction. *Leathers* v. *Hogan et al.*, 17 Ind. 242, was a suit commenced before a justice, after this act went into force, the damages claimed being $200. On appeal to the Common Pleas, the cause was dismissed for want of jurisdiction. It was held that the dismissal was error, and that the justice had jurisdiction of the cause. We shall not disturb that ruling. The court below committed no érror in overruling the motion to dismiss the case.

The plaintiff's intestate died on the 11th of *January*, 1863, leaving property of the value of more than $300. The widow of the deceased took possession of the property in controversy without any administration having been granted on her husband's estate, and held it until her death, which occurred on the 11th of *October*, 1864. After the death of the widow, administration was granted to the plaintiff of the estate of the husband. The defendant is the administrator of the estate of the deceased widow. It is claimed by the appellant that the property, after the death of the husband, vested in the widow, without administration on the estate of the deceased husband. We do not think so. Under the statute the widow had the right, "before any distribution, to $300 of the personal property of her deceased husband, to be selected by her at its appraised value." 1 G. & H., § 21, p. 295. It is further provided that "the widow, at any time before the return of the inventory, may select and take

articles therein appraised, not exceeding in value $300, for which she shall receipt to such executor or administrator." 2 G. & H., § 43, pp. 495, 496.

Taking these statutory provisions together it is clear, that before the property can vest in the widow there must be an appraisement, in the course of administration, and a selection by her under such appraisement.

The court below committed no error in holding that the property did not vest in the widow.

On the trial, the defendant offered his wife as a witness, and proposed to prove by her that the property in controversy was her separate property.

The court below refused to permit the wife to testify, and this is assigned for error. The wife was not joined in the action, she was no party to the suit, and the judgment when rendered could in no wise affect her rights. If the property was her separate property, she could have maintained a suit in her own name. The defense of property in another was a bar to the action of replevin, and the testimony offered was for the husband, and not for the wife, and the witness was within the provision of the statute that "husband and wife are incompetent witnesses for or against each other." 2 G. & H., § 240, p. 170; Acts of 1861, § 3, p. 52.

The court below committed no error in rejecting the testimony of the witness offered.

The defendant offered to prove that he held the property as the administrator of the deceased widow, but the court ruled out the evidence. This was right. If the property was in the plaintiff, it was immaterial in what capacity the defendant held it; he was alike bound to render the property to the rightful owner, whether he held it as administrator or in his own right.

The judgment is affirmed, with costs.

*E. P. Ferris*, for appellant.

*C. N. Shook*, for appellee.