THE STATE, EX REL. CONN, *v.* FORRY ET AL.

JUSTICE OF PEACE.—*Jurisdiction.*—*Recovery Demanded.*—*Judgment.*—*Joinder of Actions.*—*Replevin.*—*Embezzlement.*—In an action before a justice of the peace, wherein one paragraph of the complaint demanded the recovery of personal property valued at fifty dollars and fifty dollars damages for the detention thereof, and another paragraph demanded judgment for one hundred and six dollars "additional," for moneys alleged to have been embezzled by the defendant, judgment was rendered against the defendant by default, for one hundred and fifty-six dollars.

The State, *ex rel.* Conn, *v.* Forry *et al.*

*Held,* that the amount claimed exceeded the justice's jurisdiction, and that therefore the judgment was void.

SAME.—*Execution.—Liability of Constable.*—A constable holding an execution upon such judgment is not liable for a failure to levy and sell.

QUERY.—Could the justice, on motion of the defendant, recall and quash such execution ?

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*O. T. Chamberlain* and *I. N. Everett,* for appellees.

BIDDLE, J.—Suit by the appellant, against Isaac Forry, as constable, and the other appellees, as his sureties, on his official bond.

The complaint avers the election of Forry as constable, that he gave the bond sued on, and entered upon the duties of the office, making the bond an exhibit. The breach alleged in the complaint is as follows :

That, on the 11th day of September, 1876, the relator filed his complaint before a justice of the peace, alleging that Joseph Maist unlawfully detained certain personal goods, describing them, the property of the relator, of the value of fifty dollars, alleging that the same had not been taken by virtue of an execution or other writ against him, asking a return of the property and damages for its detention in the sum of fifty dollars, all of which was verified by his affidavit; and he also gave the proper bond, which was approved. A second paragraph in that complaint charged Maist with embezzling one hundred and six dollars of the money of the relator, which he had received as his agent, demanding judgment for one hundred and six dollars " additional; " that a writ of replevin and summons were issued against Maist, which were duly served, and returned no property found, and the suit proceeded, under the statute, for damages ; that Maist made default, and the justice rendered judgment against him for the sum of one hundred and

fifty-six dollars, and costs, issued execution thereon, delivered the writ to Forry, as constable, to be executed; that Maist had sufficient property subject to execution, whereon to levy and make the amount of the judgment, which Forry well knew, but neglected and refused to levy thereon; that afterwards, on the 30th day of September, 1876, Maist filed a motion in writing before the justice, alleging that the judgment was void, because the amount claimed in the complaint was beyond the jurisdiction of the justice, praying that the writ of execution be quashed, and the constable ordered to return the same; that to this motion both parties appeared, the justice tried the case on the motion, held the judgment void, quashed the writ of execution, and ordered the constable to return the same; and that the constable, in obedience to the order, returned the writ, endorsed " Returned October 9th, 1876, by order of the justice." All of which is fully averred, with dates and venue.

A demurrer, on the ground of the insufficiency of the facts stated, was overruled to the complaint, and exceptions reserved.

The case was then submitted to the court, and a finding had in favor of the defendant. The appellant excepted, reserved the questions of the law under section 347 of the code, appealed to this court, and has assigned errors herein.

The appellee has also assigned, as cross error, the overruling of the demurrer to the complaint.

The facts upon which the appellant reserved the questions of law are so essentially the same as the averments in the complaint, that we think the merits of the case are presented by the cross error.

Two questions are presented by the record, and discussed in the briefs: Had the justice jurisdiction of the case? If so, had he the power to quash the writ of execution and order its return?

By section 71, 2 R. S. 1876, p. 628, the jurisdiction of justices of the peace in replevin is limited, in the value of the property sought to be replevied, to one hundred dollars, and also limited, in the amount of damages claimed for its detention, to one hundred dollars; so that in no case of replevin can the jurisdiction exceed two hundred dollars, including the value of the property and the amount of the damages claimed. By section 10 of the same act, 2 R. S. 1876, p. 605, the jurisdiction of justices, in actions founded on contracts or torts, is limited in amount to two hundred dollars, except when the defendant confesses judgment. There is no class of contested cases, therefore, wherein the justice's jurisdiction in amount can exceed two hundred dollars; and we think it would be quite illogical to say that the jurisdictional amount can be increased merely by joining two classes of cases together in the same action. In the case we are considering the amount claimed, as the value of the property sought to be replevied, was fifty dollars, the amount of damages claimed for its detention was fifty dollars, and the amount claimed in the second paragraph of the complaint for embezzlement was one hundred and six dollars additional, making a sum total of two hundred and six dollars, the claim for which amount is not restricted in any part of the complaint.

The conclusion, therefore, follows irresistibly, that the justice had no jurisdiction over the amount claimed; and it also follows, that the judgment he rendered in the case was void; and, further, it follows, that a constable can not be made liable for not executing a writ issued on a void judgment. The complaint, therefore, founded on the constable's official bond, is insufficient, and the appellee's demurrer to it should have been sustained. *Bainum* v. *Small*, 4 Ind. 49; *Culley* v. *Laybrook*, 8 Ind. 285; *Guard* v. *Circle*, 16 Ind. 401; *Leathers* v. *Hogan*, 17 Ind. 242; *Boggs* v. *Near*, 20 Ind. 395; *Harrell* v. *Hammond*, 25 Ind. 104; *Caf-*

*frey* v. *Dudgeon*, 38 Ind. 512; *Pritchard* v. *Bartholomew*, 45 Ind. 219; *Mays* v. *Dooley*, 59 Ind. 287; *Horton* v. *Sawyer*, 59 Ind. 587.

We do not examine the second question, as the decision of the first disposes of the case; but, should the second question arise again, the following authorities may be consulted: *Walpole* v. *Smith,* 4 Blackf. 304; *Culbertson* v. *Milhollin*, 22 Ind. 362; *Foist* v. *Coppin*, 35 Ind. 471.

The judgment is affirmed, at the costs of the appellant's relator.