No. 8783.

## GRUBAUGH v. JONES, ADM'R.

REPLEVIN.—*Justice of the Peace.*—*Jurisdiction.*—In actions of replevin, justices of the peace have jurisdiction where the property does not exceed in value two hundred dollars.

SUPREME COURT.—*Evidence.*— *Witnesses.*—*Practice.*— *Verdict.*—Where the evidence is conflicting, and questions of fact depend upon the credibility of witnesses, the Supreme Court will not disturb the verdict.

From the Knox Circuit Court.

*H. Burns*, for appellant.

*F. W. Viehe, R. G. Evans, T. R. Cobb* and *O. H. Cobb*, for appellee.

BEST, C.—This action was brought by the appellee against the appellant, before a justice of the peace, to recover a span of mules of the alleged value of $150, and $50 for their detention.

The cause was tried before the justice, judgment rendered for the appellant, and an appeal taken to the circuit court.

The appellant moved the court to dismiss the action because the justice before whom it was instituted had no jurisdiction, as the amount of the property sought to be recovered exceeded the sum of $100. This motion was overruled and an exception reserved. The cause was submitted to a jury and a verdict returned for the appellee over a motion for a new trial. Judgment was rendered upon the verdict, and the appellant appeals.

The errors assigned are, that the court erred in overruling the motion to dismiss the action and in overruling the motion for a new trial.

The appellant claims that the jurisdiction of justices of the peace is limited in actions of replevin, by section 71 of the justice's act, to cases where the value of the property sought to be recovered does not exceed the value of $100, and in support of this position relies upon the case of *The State, ex rel. Conn,* v. *Forry,* 64 Ind. 260.

Grubaugh *v.* Jones, Adm'r.

Section 10 of the justice's act, as adopted in 1852, gave justices. of the peace jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought to be recovered did not exceed $100.

Section 71 of said act, as then adopted, provided that whenever any plaintiff shall, by verified complaint, set forth that his personal goods, not exceeding in value $100, have been wrongfully taken, and claiming damages, not exceeding $100 for the detention, the justice shall issue his writ. Thus the law was until 1859, when section 71 was amended so as to authorize an action for property taken by an execution or other writ, if the same was exempt from execution. This amendment, however, did not change the section as to the amount of property for which the justice was authorized to issue his writ, and in this respect the section remains as originally enacted. Section 10 remained unchanged until 1861, during all of which time it conferred jurisdiction upon justices in suits for the recovery of property not exceeding in value the sum named in section 71. The amount of the property was the same in both sections. Section 71 allowed damages in addition not exceeding $100 to be recovered, and in this respect they differed. Section 10 was amended in 1861 so as to authorize justices to try and determine suits where the value of the property sought to be recovered did not exceed $100, and concurrent jurisdiction to the amount of $200. This statute is now in force. This court held, in *Leathers* v. *Hogan,* 17 Ind. 242, that the first clause in the statute giving jurisdiction to the extent of $100 is surplusage, as the greater jurisdiction conferred by the second clause includes the less. The statute, thus read, confers jurisdiction upon justices in suits where the value of the property sought to be recovered does not exceed $200. This was so held in *Harrell* v. *Hammond's Adm'r,* 25 Ind. 104, and *Deam* v. *Dawson,* 62 Ind. 22.

The appellant, however, insists that these cases were not well considered, and that the case of *The State, ex rel. Conn,* v. *Forry, supra,* decides the question correctly the other way.

In the case last mentioned, the question did not arise. An action was commenced before a justice upon a complaint consisting of two paragraphs. The first was in replevin for property alleged to be of the value of $50, and $50 were claimed for its detention. The second was for embezzling $106 in money, and the question arose as to whether the case was within the jurisdiction of the justice. The court held that it was not, because the value of the property, the damages claimed and the amount of money embezzled, amounted to more than $200. The sum claimed exceeded the amount mentioned in either section 10 or section 71 of the justice's act, and for that reason it was held that the justice had no jurisdiction. This was all that was decided. True, it was said that by section 71 the jurisdiction of justices in replevin is limited, in the value of the property sought to be recovered, to the sum of $100, and, in the amount of damages claimed, to $100, so that in no case of replevin can the jurisdiction exceed $200, including the value of the property and the amount of the damages claimed. This question, as before stated, did not arise, and what is said can not be regarded as a decision of the question.

Section 10 expressly confers jurisdiction in a suit where the value of the property sought to be recovered does not exceed $200, and, unless it applies to an action of replevin, this clause of the statute is without meaning. It is the last expression of the Legislature upon the subject, and its express terms can neither be limited nor controlled by the provisions of section 71. The motion was properly overruled.

The motion for a new trial was based upon the ground that the evidence was not sufficient to sustain the verdict.

The appellant recognizes the rule, that this court will not disturb a verdict upon the mere weight of the evidence, but insists that this case forms an exception to the rule. It was shown by the evidence, that the mules in dispute belonged to the intestate some time previous to his death; that he placed them in the possession of the appellant, who was living upon

and cropping the intestate's land upon shares, the latter furnishing a part or all of the stock. The appellant produced several witnesses, some of whom testified that the intestate had sold the property to appellant, and others to admissions made by the intestate, that he had sold the property to appellant. It is admitted that the appellee made a *prima facie* case, and whether this was successfully overcome by the appellant depended in a measure upon the credibility of his witnesses. This was a question for the jury, and one upon which we can not pass. It is unlike a suit upon a note, where the proof of payment is undisputed and entirely satisfactory. We can not say that the motion was improperly overruled, and the judgment should, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the appellant's costs.