Lake Erie and Western Railroad Company *v.* Rinker.

## LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* RINKER.

[No. 1,885.   Filed November 5, 1896.]

PLEADING.—*Complaint.—Stock Killed on Railroad.*—A complaint for damages against a railroad company for the unlawful killing of an animal, based upon sections 5312–5318, Burns' R. S. 1894, sufficiently avers that the animal was killed in the county where the suit was brought, where it is alleged that the defendant operated a railroad between two certain municipal corporations within the county, and that said animal was on said company's right of way, having entered at a point where said right of way was insecurely fenced, etc.

HARMLESS ERROR.— *Evidence.—Opinion.*—The improper admission in evidence of an opinion of a witness on a matter to be determined by the jury, is harmless error, where facts, conclusively showing the witness to have been right in his opinion, are proved by five other witnesses, and such facts are not contradicted.

From the Delaware Circuit Court. *Affirmed.*

*J. B. Cockrum, A. W. Brady* and *Rollin Warner,* for appellant.

*E. M. White, J. G. Leffler* and *W. L. Ball,* for appellee.

REINHARD, J.—The appellee brought this action against the appellant to recover damages for the alleged killing of a cow upon appellant's railroad track, said cow having entered upon the track at a point where the same was not securely fenced. There was a jury trial and a verdict in appellee's favor for $65.00.

From the judgment rendered upon such verdict this appeal is prosecuted.

The following errors are assigned:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court had not jurisdiction over the subject, of the action.

3. The court erred in overruling appellant's demurrer to the first and second paragraphs of the complaint, and each of them.

4. The court erred in overruling appellant's motion for a new trial.

5. The court erred in overruling appellant's motion in arrest of judgment.

Originally the complaint was in two paragraphs. At the trial, the second paragraph of the complaint was dismissed, thus leaving the first paragraph alone in the record.

The cause of action, as stated in the complaint, is based upon an alleged failure of the appellant to comply with the requirements of the act of 1877, sections 5312-5318, Burns' R. S. 1894 (4025-4031, R. S. 1881). This is not controverted by appellant.

It is insisted that the complaint is fatally defective in failing to aver that the animal was killed in the county of Delaware. Under the statute upon which this section is based, the complaint must show the animal was killed in the county in which the action was instituted. *Louisville, etc., R. W. Co.* v. *Johnson*, 11 Ind. App. 328, and cases cited. The question as to such omission may be raised by demurrer, or assignment of error for the want of jurisdiction, or by motion in arrest of judgment (*Louisville, etc., R. W. Co., supra*), but not by a demurrer for want of sufficient facts to constitute a cause of action. *Lake Erie & West-*

*ern R. W. Co.* v. *Fishback*, 5 Ind. App. 403; *Chicago, etc., R. W. Co.* v. *Wheeler*, 14 Ind. App. 62.

In the present case the question is properly raised by the motion in arrest and by assignment of error that the court below did not possess jurisdiction of the subject of the action.

We think, however, the complaint sufficiently shows the appellee's cow was killed in Delaware county. It is averred in the complaint in substance that the appellant operated a railroad in Delaware county, Indiana, between Muncie and Oakville, in said county, and that while said cow was on said corporation's right of way and railway track, having entered the same at a point where said line of road and line of way was insecurely fenced and insufficient to keep out stock, etc., she was struck and hit by the appellant's locomotive and train of cars, was thrown from said railroad track, and killed.

It thus appears by the clearest implication that the animal was killed in Delaware county. If the appellant's road was in that county, as is averred, and the animal was killed upon said road or track, it must have been run down and killed in the county also.

It is further contended that the court erred in permitting a witness to testify that a certain cattle guard maintained by the appellant, was not a sufficient cattle guard to turn and keep stock off of appellant's right of way.

The objection to such testimony is that it is only the opinion of the witness, and that, too, upon a matter to be determined by the jury. *Indiana, etc., R. W. Co.* v. *Hale*, 93 Ind. 79; *Chicago, etc., R. R. Co.* v. *Modesitt*, 124 Ind. 212; *Toledo, etc., R. R. Co.* v. *Jackson*, 5 Ind. App. 547.

It would certainly not have been error, had the

court excluded the testimony, even if we concede that the witness was an expert. Was it error to admit it?

Besides this witness, five other witnesses testified to facts conclusively showing the insecure and unsafe condition of the cattle guard, and there was no conflict in their testimony upon this point. The appellant introduced no evidence to the contrary. The evidence was therefore uncontradicted and but one inference could have been drawn from it, viz: that the cattle guard was insufficient to keep out stock. Granting, therefore, that the opinion of the witness referred to should not have been allowed to be given, we do not perceive how the appellant could have been harmed by the ruling.

Some complaint is also made of the instructions given, but upon examination we find them correct.

Judgment affirmed.