## CHICAGO AND SOUTHEASTERN RAILWAY COMPANY
## *v.* SPENCER.

[No. 2,963.   Filed January 5, 1900.]

COURTS.—*Jurisdiction of Circuit Court in Actions in Tort.*—Under §1366, as construed with §1500 Burns 1894, the circuit court has concurrent jurisdiction with justices of the peace in actions in tort, where the amount claimed is less than $100.   *pp. 606, 607.*

PLEADING.—*Complaint.—Railroad.—Stock Killed.*—An allegation in a complaint that defendant, a railroad company, owned, used and operated a certain railroad with tracks, etc., in the county of Boone, and that plaintiff was the owner of a certain hog which, "at said time and place," strayed on the track of said railroad and was killed. sufficiently shows that the hog was killed in Boone county. *p. 609,*

SAME.—*Complaint in Two Paragraphs.—Jurisdiction.*—Where a complaint in two paragraphs alleges two causes of action, the fact that the court had jurisdiction of one of them will not support a judgment upon both, where it had no jurisdiction of the other.   *pp. 609, 610.*

SAME.—*Complaint.—Railroad.—Stock Killed.*—A demurrer to a complaint in the circuit court against a railroad company for $8 damages for the killing of a hog, on the ground that "the court had no jurisdiction over the subject-matter of the action alleged in the complaint," is sufficient to raise the question of the jurisdiction of the court.   *pp. 609-611.*

SAME.—*Joint Demurrer.*—A demurrer to a complaint in two paragraphs, upon the ground that "the court had no jurisdiction over the cause of action alleged in either paragraph of said complaint," is not objectionable as a joint demurrer.   *pp. 606, 611.*

From the Boone Circuit Court.   *Reversed.*

*W. R. Crawford* and *U. C. Stover*, for appellant.
*S. M. Ralston*, for appellee.

COMSTOCK, J.—The complaint in this action is in two paragraphs.   The first is based upon an alleged negligence of appellant in permitting the emission of sparks of fire from its locomotive and into a certain meadow of the appellee, from which negligence a fire is alleged to have resulted by which the meadow and a fence were destroyed.   The value

of the meadow is alleged to be $35, and of the fence $40. Judgment is demanded for $75. The second paragraph is founded upon the statutory liability for the negligent killing of stock by railroad companies, and charges the killing by appellant's cars and locomotive of a certain hog of the value of $8, for which amount judgment is prayed. Upon both paragraphs, appellee asked judgment for $85. A demurrer to each paragraph was filed upon the ground, (1) that neither paragraph states facts sufficient to constitute a cause of action; (2) that the court had no jurisdiction over the subject of the action alleged in either paragraph. The demurrer was overruled, and appellant answered in general denial. A trial by the court resulted in a judgment in favor of appellee for $83.

The errors assigned are: (1) The court had no jurisdiction over the subject-matter of the action in the second paragraph of the complaint; (2) the court had no jurisdiction over the person of the defendant in the second paragraph of the complaint; (3) the court erred in overruling the demurrer to the complaint; (4) the court erred in overruling the demurrer to the second paragraph of the complaint.

Counsel for appellant argue that the demurrer should have been sustained to the first paragraph of the complaint on the ground that the court had no jurisdiction over the subject-matter set out in that paragraph. They argue that, as the amount sued for is less than $100, the circuit court had no jurisdiction. In support of this position, §§1366 and 1500 Burns 1894, are cited. Section §1366, *supra*, provides: "Said court shall have original exclusive jurisdiction in all cases at law and in equity whatsoever, and in criminal cases and actions for divorce, except where exclusive or concurrent jurisdiction is or may be conferred by law upon justices of the peace." * * * Section 1500, *supra*, provides: "Justices of the peace shall have jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought

to be recovered does not exceed one hundred dollars, and concurrent jurisdiction to the amount of two hundred dollars, but the defendant may confess judgment for any sum not exceeding three hundred dollars. No justice shall have jurisdiction in any action of slander, for malicious prosecutions, or breach of marriage contract, nor in any action wherein the title to lands shall come in question, or the justice be related by blood or marriage to either party."

It is claimed that §1500, *supra,* gives to justices of the peace exclusive original jurisdiction in cases arising on contract or tort where the amount involved is $100 or less, and jurisdiction concurrent with the circuit court to the amount of $200, and $300 when the defendant will confess a judgment not exceeding that amount; that the exception made in §1366, *supra,* "except where exclusive or concurrent jurisdiction is or may be conferred by law upon justices of the peace" contemplates that justices of the peace shall have exclusive original jurisdiction in certain cases. Counsel admit that §1500, *supra,* considered alone, may seem ambiguous, but when read in connection with §1366 its meaning becomes obvious.

Upon the interpretation of §1500, the Supreme Court, in *Leathers* v. *Hogan,* 17 Ind. 242, said: "The section of the statute above quoted, then, means the same as though it read thus, on the point of jurisdiction: Justices of the peace shall have original jurisdiction in actions of contract and tort, to the amount of one hundred dollars. Justices of the peace shall have original jurisdiction in such actions to the amount of two hundred dollars. Justices of the peace shall have jurisdiction to enter judgments by confession to the amount of three hundred dollars. The first clause in the section, giving jurisdiction to the extent of one hundred dollars, is surplusage, because the greater jurisdiction conferred by the second clause includes the less; but surplusage, though it may produce obscurity and confusion, does not, of itself, absolutely vitiate. It may, it is true, in

some cases, produce so great a degree of uncertainty as to render an act void for that cause. This is not such a case."

In *Harrell* v. *Hammond's Adm.*, 25 Ind. 104, the court in construing the same section, said: "The act of March 11, 1861, governing this case, provides that 'justices of the peace shall have jurisdiction to try and determine suits founded on contract or tort, when the debt or damage claimed, or the value of the property sought to be recovered, does not exceed $100, and concurrent jurisdiction to the amount of $200, but the defendant may confess judgment for any sum not exceding $300.' This is by no means a statute free from ambiguity. It does not give the justice exclusive jurisdiction in any sum, and yet it confers concurrent jurisdiction in any amount greater than that conferred in the provision for the general jurisdiction. *Leathers* v. *Hogan*, 17 Ind. 242, was a suit commenced before a justice, after this act went into force, the damages claimed being $200. On appeal to the common pleas, the cause was dismissed for want of jurisdiction. It was held that the dismissal was error, and that the justice had jurisdiction of the cause. We shall not disturb that ruling."

In *Grubaugh* v. *Jones, Adm.*, 78 Ind. 350, the foregoing cases are cited and followed. The expressions of the court in *Leathers* v. *Hogan, supra*, and which is followed in the two later cases cited, are pronounced by counsel for appellant as "*dicta*." This court is not justified in adopting that view. We must hold that the court committed no error in overruling the demurrer to the first paragraph of the complaint.

Counsel for appellant contend that the demurrer to the second paragraph of complaint should have been sustained because it did not state a case over which the Boone Circuit Court could exercise jurisdiction. The action against railway companies for stock killing is, as counsel state, purely statutory, and can only be brought in the county in which the stock is killed or injured, §5313 Burns 1894, and the

place of the killing must be averred in the complaint. Where this allegation is wanting, a demurrer for want of jurisdiction must be sustained. *Whitewater R. Co.*, v. *Bridgett*, 94 Ind. 216; *Croy* v. *Louisville, etc., R. Co.*, 97 Ind. 126; *Lake Erie, etc., R. Co.* v. *Fishback*, 5 Ind. App. 403.

The paragraph in question avers: "That on the —— of July, 1895, this defendant, a corporation duly organized under the laws of the State of Indiana, owned and operated a certain railroad known as the Chicago & Southeastern Railway Company, with tracks, locomotives, and cars in the county of Boone and State of Indiana. That at said date the plaintiff was the owner of a certain hog of the value of $8, which hog at said time and place strayed on the track of said railroad company at a place where the defendant had failed and neglected to maintain sufficient fence." Without considering it as a model of clear pleading, we are of the opinion that it sufficiently shows that the hog was killed in Boone county. *Lake Erie, etc., R. Co.* v. *Rinker*, 16 Ind. App. 334.

It is also argued that the demurrer to the second paragraph should have been sustained for want of jurisdiction, "because the subject-matter of this paragraph was without the jurisdiction of a circuit court." The statute upon which this paragraph is based (§5313 Burns 1894) can only be enforced, when the value of the stock killed or injured does not exceed $50, before a justice of the peace. *Indianapolis, etc., R. Co.* v. *Kercheval*, 24 Ind. 139; *Indianapolis, etc., R. Co.* v. *Elliott*, 20 Ind. 430; *Toledo, etc., R. Co.* v. *Tilton*, 27 Ind. 71; *Jeffersonville, etc., R. Co.* v. *Brevoort*, 30 Ind. 324; *Louisville, etc., R. Co.* v. *Quade*, 101 Ind. 364. A circuit court can only be resorted to where the value of the stock injured or killed exceeds $50; nor can injuries inflicted at different times be proved to give a circuit court jurisdiction. *Toledo, etc., R. Co.* v. *Tilton, supra;* *Jeffersonville, etc., R. Co.* v. *Brevoort, supra*.

Counsel for appellee, while conceding that the court did not have jurisdiction of the subject-matter of the action stated in the second paragraph, contends, in view of the facts, that the grounds of demurrer are statutory, and that the ground assigned is not known to the statute, that no proper objection to the jurisdiction of the court of the subject-matter was made before the trial court.

It is also insisted that the rule that a judgment rendered without jurisdiction of the subject-matter is void does not apply in this case for the reason that the court did have jurisdiction of the subject-matter stated in the first paragraph, and that this will uphold the judgment; citing *Louisville, etc., R. Co.* v. *Fox*, 101 Ind. 416.

The statute provides (§342 Burns 1894) that: "The defendant may demur to the complaint when it appears upon the face thereof, either—First the court has no jurisdiction of the person of the defendant or the subject of the action." It is contended that a "cause of action" as used in the demurrer is not synonymous with the phrase "subject of the action" employed in the statute. This question we need not decide, for it has been held by the Supreme and this Court that the want of jurisdiction over the subject-matter can be raised for the first time on appeal by assignment of errors. *Harris* v. *Harris*, 61 Ind. 117; *Boys* v. *Simmons*, 72 Ind. 593; *Doctor* v. *Hartman*, 74 Ind. 221; *Debs* v. *Dalton*, 7 Ind. App. 84; *Lake Erie, etc., R. Co.* v. *Rinker*, 16 Ind. App. 334.

In *Louisville, etc., R. Co.* v. *Fox, supra,* the court said: "It is also urged here that the court had no jurisdiction of the cause of action stated in the first paragraph of the complaint for the reason that the value of the heifer was less than $50, and that therefore the testimony in question should have been excluded." The answer to this position is that no such objection was made in the court below, and hence no such question arises here. A party can not resist a ruling below upon one ground and assail it upon

another here; nor can he clothe his objection in such general terms as to exclude his real point and for the first time develop it here. The objection must be explicit. It will be observed, in reading the opinion, the court uses the phrase "cause of action" and "subject-matter" interchangeably or as substantial equivalents. This is also observed in a number of other cases in the Supreme Court, but the decision is based upon the ground that the court below was not advised of the objection made upon appeal. In the cause before us it is scarcely conceivable that the attention of the court was not called by the demurrer to the question of jurisdiction. The fact was apparent upon the pleadings and upon the face of the statute.

The objection that the demurrer is joint is not well taken. To the second paragraph, it should have been sustained.

Judgment reversed, with instruction to the trial court to sustain the demurrer to the second paragraph of complaint.