## DUGDALE *v.* DONEY.

[No. 4,277.   Filed January 30, 1902.]

APPEAL.—*Justices of the Peace.*—*Jurisdiction.*—An appeal from a judgment of $185 is not prohibited by the act of 1901 (Acts 1901, p. 566), providing that no appeal shall be taken to the Supreme or Appellate Court in any civil case within the jurisdiction of a justice of the peace, where the amount demanded, as well as the amount shown by the facts pleaded to be due, was in excess of $200, and equitable relief was sought.

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by Charles P. Doney against Benjamin H. Dugdale. From a judgment for plaintiff for $185, defendant appeals. *Motion to dismiss overruled.*

*Crate D. Bowen,* for appellant.
*W. W. Thornton,* for appellee.

ROBY, J.—Section 6 of an act approved March 12, 1901, defining the jurisdiction of this court is as follows: "No appeal shall hereafter be taken to the Supreme Court or to the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace except as provided in section eight of this act." Acts 1901, p. 566.

Dugdale *v.* Doney.

The case now under consideration does not come within the exceptions. A complaint was filed by appellee in six paragraphs; some of them sought the reformation of a contract, and each of them prayed judgment for $200 or more and showed facts entitling the plaintiff to at least $200. The complaint was filed and trial had in the Marion Superior Court. Finding and judgment for appellee for $185. Appeal by defendant. Appellee moved to dismiss the appeal on the ground that the judgment being for less than $200, the case is within the jurisdiction of a justice of the peace, and not appealable.

"Justices of the peace shall have jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought to be recovered does not exceed $100, and concurrent jurisdiction to the amount of $200, but the defendant may confess judgment for any sum not exceeding $300." §1500 Burns 1901. This statute is construed as conferring original jurisdiction to the amount of $200. *Leathers* v. *Hogan,* 17 Ind. 242. The justice court does not have jurisdiction of suits in equity. *Brown* v. *Goble,* 97 Ind. 86; *Greenwaldt* v. *May,* 127 Ind. 511, 22 Am. St. 660.

The amount demanded, as well as the amount shown by the facts pleaded to be due, was in excess of $200. *Bainum* v. *Small,* 4 Ind. 49; *Mays* v. *Dooley,* 59 Ind. 287. Had appellee filed this complaint in a justice court, proceedings based upon it would have been void. The language of §6, *supra,* excludes an appeal only where the action was within the jurisdiction of a justice of the peace. The justice could not have given himself jurisdiction by rendering judgment for $185, or for any sum less than the amount demanded. *Thompson* v. *Kerr,* 17 Ind. 288.

Appellee might have brought suit for $185, and without asking equitable relief; but he did not choose to do so. The action he did institute was not within the jurisdiction of a justice, and is, therefore, appealable.

Hogue *v.* State, *ex rel.*

The difference between §632 R. S. 1881, §644 Burns 1901, and the act under consideration is marked. In determining the "amount in controversy" it was not only proper, but essential, to consider the recovery. The jurisdiction of the justice of the peace is determined before there has been any recovery.

No authority has been presented requiring appellate courts to apply forced constructions to statutes in order to cut off appeals. It is the policy of the law to discourage litigation, but, litigation once begun, it becomes the further policy of the law to see that justice is done, and this without regard to whether the litigants are men of large or small affairs.

Motion to dismiss appeal overruled.