## SHORT *v.* SCOTT.

Where the verdict is supported by the weight of evidence, it is immaterial what instructions the Court gave to the jury.

In trespass before a justice of the peace, under the R. S. 1843, the damages laid in the conclusion of the declaration constitute the amount of the plaintiff's claim, in determining the justice's jurisdiction.

ERROR to the *Whitley* Circuit Court.

STUART, J.—*Scott* sued *Short* in trespass, before a magistrate. Trial by the justice, and judgment for the defen-

dant.  *Scott* appealed to the Circuit Court, where there was a trial by jury, and a verdict and judgment for *Scott* for 25 dollars.  Motion for a new trial, made at the proper time, overruled, and the evidence made part of the record by bill of exceptions.

From this evidence we are satisfied with the verdict. Hence, the verdict being right on the weight of evidence, the law of the case as given by the Court to the jury is wholly immaterial.  *Muirhead* v. *Snyder*, 4 Ind. 486.— *Rogers* v. *Maxwell*, id. 243.

But there is another question in the case not free from difficulty.  It relates to the jurisdiction.  The cause of action contains three counts.  The first is for killing a dog of the value of 45 dollars.  The second is for killing a deer of the value of 5 dollars.  The third is for killing a certain other dog of the value of 45 dollars, concluding with *alia enormia* against the peace of the state, and to the damage of the plaintiff of 50 dollars.  The jurisdiction of justices, under the law then in force, was limited thus:  In actions of tort, wherein the damages demanded, or the value of the property claimed did not exceed 50 dollars.  R. S. 1843, p. 862.

And the question is, did this cause of action show a want of jurisdiction in the justice?

In *Bainum* v. *Small*, 4 Ind. R. 49, the very same question was presented.  There were, in that case, two counts in the cause of action, and each count concluded to the damage of the plaintiff 50 dollars.  The Court held that the sum demanded being 100 dollars, ousted the jurisdiction.

*Markin* v. *Jornigan*, 3 Ind. 548, was an action of replevin.  The cause of action consisted of two counts.  The value of the property was laid in each count at 40 dollars. At the close of each count, damages were claimed to the amount of 20 dollars, making the entire damages laid 40 dollars, a sum within the jurisdiction of the justice.  But the Court held that the value of the property claimed in the declaration was 80 dollars; and that, consequently, the Court below had no jurisdiction.

May Term,
1855.

It is to be observed, however, of this latter case, in distinction from *Bainum* v. *Small*, and the case at bar, that in the action of replevin the thing itself was sought to be recovered; the damages were, in most cases, merely incidental and nominal.   But in trespass the only recovery that could be had was damages.   In the replevin suit two pieces of property, of the joint value of 80 dollars, might have been recovered.   In *Bainum* v. *Small*, damages to the amount of 80 dollars might have been recovered.   So that there is no conflict between those cases, when the nature of the recovery is considered.   5 Blackf. 357.

In the case at bar the only damages laid are at the conclusion of the declaration.   No matter what the proof might be, that is the limit of the recovery.   "In assumpsit, and other actions sounding in damages the sum laid in the conclusion of the declaration constitutes the amount of the plaintiff's claim."   5 Blackf. 357.   Here the sum demanded, and of course the limit of the right to recover, being 50 dollars, we are of opinion that the magistrate had jurisdiction.

*Per Curiam.*— The judgment is affirmed with costs.

*W. March*, for the plaintiff.