## COLLINS v. SHAW and Another.

If the utmost a plaintiff can recover upon his claim as stated, be within the jurisdiction, the court has jurisdiction of the cause.

Where suit was brought in the Common Pleas upon a note drawn for more than 1,000 dollars, with credits reducing it to less than that sum, and a copy of the note and credits was made part of the complaint,— *held,* that the Court had jurisdiction.

The damages laid in the conclusion of a complaint, do not enlarge the claim.

APPEAL from the *Morgan* Court of Common Pleas.

Gookins, J.—This suit was brought by *Shaw* and *Lindley* against *Collins,* to review a judgment which *Collins* had previously obtained against them in that Court. The complaint also contained another cause of action; but a demurrer having been sustained to that paragraph, it requires no further notice. The ground of error on which the review was prayed was, that the

Nov. Term,
1856.

COLLINS
v.
SHAW.

Court of Common Pleas had no jurisdiction of the cause in which the judgment was given. To show the want of jurisdiction the complaint in the former cause was made an exhibit, which showed that the action was brought to recover the sum due on a promissory note, and that the plaintiff demanded judgment for 1,000 dollars. A copy of the note was annexed and made a part of the complaint in the original action, in proper form. It was for 1,911 dollars and 6 cents; but credits were entered upon it which reduced the amount below 1,000 dollars, and judgment was rendered in the former action for 930 dollars and 31 cents—being the balance due after deducting the credits.

To the complaint for review, the defendant demurred. His demurrer was overruled, and he answered, but the answer does not change the character of the case. It avers that a sum less than 1,000 dollars was due upon the note when suit was brought on it, in consequence of the credits shown by the complaint. To this answer, the Court of Common Pleas sustained a demurrer. Exceptions were duly taken to the rulings of the Court. The defendant failing to answer further, judgment was given enjoining the collection of the former judgment.

Where the amount involved is 1,000 dollars or upwards, the Court of Common Pleas has no jurisdiction. *Fisher* v. *Prewitt*, 7 Ind. R. 519. The question arises, Was the amount of 1,000 dollars involved in the case sought to be reviewed? We think not. In *Epperly* v. *Little*, 6 Ind. R. 344, it was decided that if the utmost the plaintiff can recover upon his claim, as stated, is within the jurisdiction of the Court it is sufficient to give jurisdiction (1).

The note with its credits being a part of the complaint, showed that the plaintiff could not recover as much as 1,000 dollars. The damages laid in the conclusion did not enlarge the claim.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with directions to the Court of Com-

mon Pleas to sustain the demurrer to the first paragraph of the complaint.

*H. C. Newcomb* and *J. S. Harvey*, for the appellant.

*C. C. Nave*, for the appellees.

(1) The apparent discrepancy between the cases of *Epperly* v. *Little* and *Fisher* v. *Prewitt*, as to the amount of the jurisdiction of the Common Pleas, may be explained by reference to the time at which the statutes came in force conferring jurisdiction on the Circuit and Common Pleas Courts. When *Epperly* v. *Little* was brought and tried in the Common Pleas, the Circuit Court act had not taken effect: consequently the Common Pleas had jurisdiction to 1,000 dollars. When that act took effect, it was reduced below that sum.