## MITCHELL v. SMITH.

JUSTICE.—JURISDICTION.—In an action before a justice of the peace, the
footing of the account filed as the basis of the action was $200, but a
correct addition of the items charged was a fraction of a dollar more.

*Held*, that the footing, or sum stated on the account, must be taken to be the
amount for which judgment was demanded, and, hence, the justice had
jurisdiction.

JUDGE PRO TEMPORE.—Where a person other than the regular judge has
tried a cause below, and no objection was made on the trial to his
authority, and the record is silent upon the subject, such objection cannot
be raised for the first time in the Supreme Court.

APPEAL from the *Hendricks* Common Pleas.

FRAZER, J.—This case originated before a justice of the
peace. The venue was changed to another justice, before
whom the judgment was rendered against the appellant,
who thereupon took the case, by appeal, to the common
pleas, and thence to this court.

The first question presented for our examination is as to
the jurisdiction of the justice to try the cause.

The cause of action first filed was in the form of an
account, the footing upon which was $200, though the
correct aggregate of the items was $200 75. This was
indorsed thus: "Demand $176 75." The amount footed
on the account, as filed with the justice, ought, we think,
to be taken as the amount for which judgment was
demanded, in the absence of any other statement of the
demand. If this be correct, it is unnecessary to determine
whether the demand on the back of the paper ought to be
regarded as a part of the complaint, though the indulgence
which has always been extended to pleadings in justices'
courts, in this state, would, doubtless, justify us in so
regarding it. Either of these propositions settles the
question against the appellant.

The Hon. SOLOMON BLAIR tried the cause in the common
pleas, acting as judge thereof, he not then being the regular
judge of that court. No objection was made to him, nor

does the record affirmatively show his authority. It is wholly silent upon that subject. His authority is questioned for the first time here.

This question was recently before us, in *Feaster* v. *Woodfill,* 23 Ind. 493, and received very careful consideration, and upon principle and authority, and in view, also, of the vast mischief which, it seemed to us, must result from a contrary doctrine, we held that when the record was silent as to the authority of the person acting as judge for the time being, and no question concerning his authority was made below, it was too late to make it in this court, and that, under such circumstances, we would hold his proceedings valid. Some reflection since has tended only to confirm us in that opinion.

The judgment is affirmed, with 5 per cent. damages, and costs.

*T. A. Hendricks* and *O. B. Hord,* for appellant.

*C. C. Nave,* for appellee.