No. 8369.

BROWN v. CAIN.

FORMER RECOVERY.—*Evidence.*—The best test of identity where a former adjudication of the same matter is pleaded is, would the same evidence sustain both the present and the former suit?

JUDGMENT.—*Justice of the Peace.*—*Jurisdiction.*—A judgment of a justice of the peace on default for $200, where it appears that the note on which it was rendered would, with the interest, exceed $200, but where it does not appear that the plaintiff claimed more than $200, nor that there were not credits on the note, can not be held void, for want of jurisdiction.

From the Gibson Circuit Court.

*C. A. Buskirk*, for appellant.

*R. M. J. Miller*, for appellee.

WORDEN, J.—Action by Cain against Brown. Judgment for the plaintiff.

Cain and Pierce W. Noland had been in partnership. Cain sold out his interest in the partnership business and assets to Noland, the latter agreeing to pay the debts of the firm. Noland, and Brown as his surety, executed a bond to Cain conditioned for the payment of the partnership debts. This action was brought on the bond against Brown, Noland having died insolvent.

A breach of the condition of the bond is alleged, as follows:

"And plaintiff says said defendants have made default in the condition of said bond, and have not paid all the liabilities of said firm of Noland & Cain, but that this plaintiff has been compelled to and has paid a large amount of said indebtedness, to wit: A certain debt due to Keller & White, of Evansville, Indiana, from said Noland & Cain, which was one of the liabilities of said Noland & Cain, so agreed to be paid by said Noland, and upon which this plaintiff has been compelled to and has paid the full sum of one hundred and eighty-three and 48-100 dollars."

The defendant answered, *first*, by a general denial; and, *second*, a former recovery in his favor, in an action against him by

the plaintiff herein, in the Gibson Circuit Court, for the same cause of action.    Reply in denial of the second paragraph.

Trial by the court, finding for the plaintiff and new trial denied.

The case is here upon the evidence, in which there does not appear to be any conflict, and the question is whether the answer of former recovery was not made out.

The defendant gave in evidence the record of the recovery pleaded, in an action in the Gibson Circuit Court by the plaintiff herein against him, on the same bond in suit in this action.

The breach in the condition of the bond assigned in the former action was the same in substance as in the present, except that the indebtedness of the firm to Keller & White, which the plaintiff had been compelled to pay, was described as a judgment against Noland & Cain in the Gibson Circuit Court, rendered on one of the liabilities of Noland & Cain.

In the former action Brown answered, *first*, by general denial; and, *second*, that the bond sued on was executed by him without any consideration.    A demurrer to the second paragraph having been overruled, a reply was filed and the cause was submitted to the court for trial, resulting in a finding and judgment for the defendant.

The record in the present action does not show what the evidence in the former action was, nor the ground upon which the defendant in that action recovered.

It seems to us to be clear that the defence of former recovery was well made out.

In the complaint in the present action the claim of Keller & White against the firm is described as a debt.    This is broad enough to cover a judgment or a debt of any other character.    In the former action it is described as a judgment in the Gibson Circuit Court.

The evidence tended to show that the claim of Keller & White against the firm was a judgment rendered by a justice of the peace, and that a transcript of it had been filed in the

office of the clerk of the Gibson Circuit Court, who had issued an execution upon it, as contemplated by sections 539, 540 and 541 of the code of 1852, and that the plaintiff had paid the money to the sheriff on the execution. There was no material variance between this evidence and the allegations of the complaint in the former action. Code 1852, section 94.

This evidence would have sustained either the present or former action, so far as this point in the two cases is concerned.

In Freeman on Judgments, 3d ed., section 259, it is said: "The best and most invariable test as to whether a former judgment is a bar, is to enquire whether the same evidence will sustain both the present and the former action. If this identity of evidence be found, it will make no difference that the form of the two actions is not the same."

But it is claimed by the counsel for the appellee, as we understand his brief, that the judgment rendered by the justice was void for want of jurisdiction, and, therefore, the plaintiff could not have recovered in the former action, but might in the present on the theory that the claim of Keller & White had not been reduced to judgment.

The evidence shows that the plaintiff paid the claim to the sheriff upon execution issued upon the judgment. The case was not made out of payment upon any other claim.

But we can not say that the judgment was void. It was a judgment by default, on due service of summons, for two hundred dollars, rendered on a promissory note as the cause of action. The note was for a little less than two hundred dollars, but there appeared from the face of it, with the interest, to be a little more than that sum due at the time of the rendition of the judgment. But we can not say how much or whether anything was credited upon it.

It does not appear that the plaintiffs in that action claimed more than two hundred dollars.

The judgment recites that "The plaintiffs, having made

proof of their complaint in the sum of two hundred dollars
due on said note, it is therefore considered," etc.

The motion for a new trial should have prevailed.

The judgment below is reversed, with costs, and the cause
remanded for a new trial.