No. 9451.

THE SECOND NATIONAL BANK OF RICHMOND v. HUTTON.

JUSTICE OF THE PEACE.—*Jurisdiction.*—*Civil Action.*—*Amount in Controversy.*
—The jurisdiction of a justice of the peace, in civil suits founded on
contract or tort, under section 1433, R. S. 1881, is limited to the amount
of two hundred dollars.

SAME.—*Complaint.*—*Bill of Particulars.*—Where a bill of particulars, filed
with the complaint, shows that the plaintiff's claim or cause of action
does not exceed the sum of two hundred dollars, the justice will have
jurisdiction of the case, even though the prayer of the complaint is for
a sum in excess of two hundred dollars; for, in such case, the amount
in controversy can not exceed the amount of the demand as stated in the
bill of particulars.

SAME.—*Appeal from Justice.*—*Jurisdiction of Circuit Court.*—If the justice of
the peace have jurisdiction of a cause, on appeal from such justice, the
circuit court will also have jurisdiction of such cause.

From the Wayne Circuit Court.

*W. A. Bickle,* for appellant.

*W. D. Foulke* and *J. L. Rupe,* for appellee.

HOWK, J.—This suit was commenced by the appellant
against the appellee, before a justice of the peace of Wayne
county. The cause was tried by a jury, before the justice,
resulting in a verdict for the appellant in the sum of $195.77,
and judgment was rendered accordingly. From this judg-
ment the appellee, Hutton, appealed to the circuit court of
the county. In that court, the appellee Hutton filed his
written motion to dismiss the action; which motion was sus-
tained by the court, and judgment was rendered against the
appellant for the appellee's costs.

In this court, the appellant has assigned, as errors, the fol-
lowing decisions of the circuit court:

1. In sustaining appellee's motion to dismiss, and in dis-
missing, this action for the want of jurisdiction thereof in the
justice of the peace; and,

2. In sustaining appellee's motion to dismiss, and in dis-

missing, this action for the want of jurisdiction thereof in the circuit court.

In his written motion to dismiss this action, the appellee Hutton assigned the following causes therefor:

1. "For the reason, that it appeared upon the transcript certified by the justice, and upon the face of the complaint filed herein, that the justice, John S. Lyle, before whom this case was tried, had no jurisdiction of this suit, for the reason that the amount claimed in the complaint exceeds the sum of $200;" and,

2. "For the further reason, that it appears that this court, upon appeal from the said John S. Lyle, has no jurisdiction of this action, for the reason that the complaint in suit demands judgment for a sum exceeding $200."

If the first of these two causes for the dismissal of this action is well assigned, it is manifest that the second cause for such dismissal must also be well assigned. For if it can be correctly said that the justice of the peace had no jurisdiction of this action, then it must follow, we think, that the circuit court did not, and could not, by means of the appeal from the judgment of the justice, acquire jurisdiction of such action. In its complaint, the appellant alleged, in substance, that on the 10th day of May, 1880, the appellee became and was indebted to the appellant in the sum of $200, for money had and received by him of Lee M. Richey, for the appellant's use, and in the further sum of $200, for so much money had and received by him for the appellant's use, and in the further sum of $200, for money collected by him as the property of appellant, and in the further sum of $200, for money had and received by him, being dividend due appellant on the estate of Burtch, Knox & Co., and which appellee appropriated to his own use, all of which he promised to pay, but failed and refused to pay.

The prayer of this complaint was as follows: "Wherefore plaintiff claims judgment, by reason of all the foregoing mat-

ters alleged herein, in the sum of two hundred dollars, and interest and costs."

In section 10 of the act of June 9th, 1852, defining the jurisdiction of justices of the peace in civil cases, as amended by an act approved March 11th, 1861, it is provided as follows: " Justices of the peace shall have jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought to be recovered does not exceed one hundred dollars, and concurrent jurisdiction to the amount of two hundred dollars," etc. 2 R. S. 1876, p. 605; section 1433, R. S. 1881.

It is well settled by the decisions of this court, that justices of the peace have only such special and limited jurisdiction, in the trial of civil causes, as may have been conferred upon them by statute. *Gregg* v. *Wooden*, 7 Ind. 499; *Willey* v. *Strickland*, 8 Ind. 453; *The Ohio, etc., R. R. Co.* v. *Hanna*, 16 Ind. 391; *Caffrey* v. *Dudgeon*, 38 Ind. 512; *Horton* v. *Sawyer*, 59 Ind. 587; *The State, ex rel. Conn*, v. *Forry*, 64 Ind. 260. Ordinarily, no doubt, in a civil action before a justice of the peace, if the amount for which judgment is demanded, in the prayer of the complaint, exceed the sum of two hundred dollars, the justice will have no jurisdiction of the action. This is the general rule in such cases, and it would seem that the court below acted upon this rule, in sustaining the appellee's motion for the dismissal of this action. Like other general rules, this one, however, has its exceptions. If it appeared in this case, as we think it did, from the entire cause of action filed with the justice, that the appellant's demand, notwithstanding the prayer of its complaint, was expressly limited to the sum of $195, so that it could not lawfully recover one cent even in excess of that sum, then it is clear that the justice had jurisdiction of this action, and that the appellee's motion to dismiss the suit ought to have been overruled.

In its complaint, as will be seen from our summary thereof, the appellant declared against the appellee on the common

counts. With its complaint, however, the appellant filed with the justice a bill of particulars, in the words and figures following, to wit:

"The plaintiff in this action, on the common counts, files the following bill of particulars: The plaintiff held a claim on the estate of Burtch, Knox & Co., of Preble county, Ohio, assigned to it by Leander Marshal, being dividend on about $3,300, Lee M. Richey and others being assignees. A dividend was declared in favor of plaintiff's claim, of $195, and defendant collected and appropriated the same to his own use, and the plaintiff claims the $195."

The office of a bill of particulars, in such a case as this, is to make the plaintiff's precise cause of action more certain, definite and specific, than the same has been stated in the common counts. In such a case, without regard to what may have been stated in general terms in the complaint, the plaintiff's evidence and right of recovery are limited, under the law, strictly and precisely, to the exact claim or cause of action shown or set forth in the bill of particulars. Possibly, the plaintiff may recover less, but in no event more, than the amount of the demand as stated in the bill of particulars. In *Mitchell* v. *Smith*, 24 Ind. 252, the cause of action filed with the justice was in the form of an account, which was footed to be $200, though the correct aggregate of the items was $200.75. This account was thus endorsed: "Demand, $176.75." The jurisdiction of the justice to try the cause being under consideration, in the opinion of the court, FRAZER, J., said: "The amount footed on the account, as filed with the justice, ought, we think, to be taken as the amount for which judgment was demanded, in the absence of any other statement of the demand. If this be correct, it is unnecessary to determine whether the demand on the back of the paper ought to be regarded as a part of the complaint, though the indulgence which has always been extended to pleadings in justices' courts, in this State, would, doubtless, justify us in so regarding it. Either of these propositions settles the question against the appellant."

If, in such a case, the endorsement on the cause of action ought to be regarded as a part thereof, for the purpose of determining whether or not the amount of the demand is within the jurisdiction of the justice, surely, the bill of particulars filed with the complaint ought to be considered as a controlling part thereof, for the purpose of determining the same question. In the case now before us, the appellant's demand was limited by its bill of particulars to the precise sum of $195; and, this being so, we are of the opinion that the cause of action was within the jurisdiction of the justice, and, of course, of the court below on the appeal thereto from the justice. It follows, therefore, that the court erred in sustaining the appellee's motion for the dismissal of this action, for either or both of the causes assigned therein.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the motion to dismiss the action, and for further proceedings not inconsistent with this opinion.