Filed May 17, 1884.

---

No. 10,624.

## CALLOWAY ET AL. *v.* BYRAM ET AL.

JUSTICE OF THE PEACE.—*Jurisdiction.*—*Judgment.*—A promissory note for $300, dated three days before its execution, and bearing interest at 8 per cent. per annum, was filed as the cause of action before a justice of the peace. The note was, in fact, executed on the date it was filed, and on the same day there was judgment by confession for $300.

*Held,* that the amount demanded by the cause of action—the note—must, under the circumstances, be regarded as only $300, without adding interest for three days according to the face of the note, and therefore the justice had jurisdiction and the judgment was valid.

CONFESSION OF JUDGMENT.—A judgment on a claim not due, rendered by confession, is not void.

From the Madison Circuit Court.

*C. L. Henry, H. C. Ryan, N. Morris* and *L. Newberger,* for appellants.

*G. W. Stubbs* and *T. S. Rollins,* for appellees.

ZOLLARS, J.—On the 13th day of September, 1881, Norman S. Byram and Edward G. Cornelius recovered a judgment by confession, before a justice of the peace, against Anderson Moore, for $300. In the justice's record, Moore is

named as defendant, and the other parties as plaintiffs. Following the title of the cause, it is stated that the plaintiffs filed, as their cause of action, a promissory note, which is set out in full. This note bears date September 10th, 1881, was for $300, payable one day after date to Byram, Cornelius & Co., with 8 per cent. interest per annum, and was signed by Moore. It is further stated in that record that, " On the filing of the foregoing note, came the defendant, Anderson Moore, and confessed judgment, and on his oath says that the above note is just, due and unpaid," etc. Following this is the judgment for $300.

The note, although bearing date of the 10th day of September, 1881, was neither written, signed, nor delivered until just before the confession of the judgment. Moore was indebted to Byram and Cornelius on an account. The note was executed for the purpose of taking judgment upon it at that time. Execution was issued on the judgment at once, and placed in the hands of the constable, one of appellees, on the following day. On that day, he levied upon ninety dollars worth of Moore's personal property, and took it into his possession. Moore had other personal property. After the execution came into the hands of the constable, and after the levy above mentioned, Moore sold his personal property, and that levied on, to one Dissar, and he sold it to appellants. After this, and on the 21st day of September, 1881, the constable levied the execution upon the personal property so sold to appellants, and took it into his possession. On the 26th day of the same month, appellants commenced this action, and took all of the property from the constable and the judgment plaintiffs, Byram and Cornelius, by a writ of replevin, claiming the possession and ownership of it, by virtue of their purchase, as aforesaid. Appellees claim under the judgment, execution and levy. These are the facts, as shown by the pleadings and the special findings of the court below, upon the trial of this cause. Judgment was ren-

Calloway *et al. v.* Byram *et al.*

dered below for the return of the property, etc., to appellees. From this judgment, appellants prosecute this appeal.

It is said by counsel for appellants that, if the execution was a valid lien upon the property, the judgment in this case must be affirmed. They claim that it was not a valid lien, because not issued on a valid judgment. And they claim that the judgment rendered by the justice of the peace was and is void, because the note and interest exceeded the jurisdiction of a justice of the peace as fixed by law.

The amount for which a judgment may be confessed in a justice court is fixed at $300. 2 R. S. 1876, p. 605, section 10; section 1433, R. S. 1881. The judgment before the justice in the case under consideration was for $300, and no more. It is well settled that a justice of the peace can not render a valid judgment for an amount beyond his jurisdiction. The rule is also well settled, in controverted cases, at least, that the amount demanded is the criterion upon the question of jurisdiction. *State, ex rel.,* v. *Forry,* 64 Ind. 260; *Second Nat'l Bank* v. *Hutton,* 81 Ind. 101. If that rule should be applied here, upon the theory that the note was executed as of the date upon it; that the interest was not paid, and that the filing of the note was a demand for the amount of it and interest, we should have a case beyond the jurisdiction by a small amount. The note, it is true, was filed as the cause of action, and Moore stated in his affidavit that the note was unpaid; but in view of the fact that the parties were all present when the judgment was rendered for $300, it would not be a fair presumption nor a reasonable construction to say that Moore's affidavit included as unpaid both the amount of the note and the interest. The more reasonable construction is, as manifestly understood by all parties, that the amount named in the note, viz., $300, was due. Presumptions are to be indulged in favor of judicial proceedings, unless infirmities are apparent upon the face of the record. We can not say from the record in the justice court that the interest was not paid, or

that it was not remitted by some arrangement between the parties; nor can we say, upon that record, that more than $300 was demanded.

As was said in the case of *Barnett* v. *Juday*, 38 Ind. 86, where a similar affidavit was made, the note may have been subject to credits, reducing the amount due upon it to the sum for which the judgment was rendered; or, possibly, there may have been some other reason for rendering the judgment for only $300.

In the case of *Remington* v. *Henry*, 6 Blackf. 63, a judgment was confessed upon a note for $100, which, upon its face, under the law as it then was, exceeded the jurisdiction of the justice. The note was filed as the cause of action, as in this case. The court said : " But as the amount actually demanded and recovered was under that sum, and within the jurisdiction of the justice, the presumption is that the note had been reduced by credits."

We think, moreover, that it was competent to plead and prove that the note, although it bore date September 10th, was not executed until the 13th, and that it was executed upon that day for the purpose of taking a confession of judgment upon it.

A note is not executed until it has been in some way delivered. It is always competent to prove the time of such delivery. We know of no reason why a valid judgment may not be confessed upon a note before its maturity; that is a matter that may be waived by the debtor.

The fact that a note may not be due at the time of a confession upon it, might be a suspicious circumstance in a contest with other creditors of the debtor, but it would not render the judgment void in the proper sense of that term. *Robertson* v. *Huffman*, 92 Ind. 247.

The objection urged against the execution in this case, that it does not contain the correct names of the parties to the judgment, is not well founded in fact.

It results, from what we have said, that the court below did not err in overruling appellants' demurrer to appellees'.third paragraph of answer, nor in its conclusions of law upon the facts specially found.

Having reached this conclusion, it is not necessary to notice other questions discussed by counsel. The judgment is, therefore, affirmed, with costs.

Filed May 16, 1884.