No. 1,125.

## ELGIN v. MATHIS.

JUSTICE OF THE PEACE.—*Jurisdiction.*—*Amount Demanded Controls.*—
*Account.*—Where an action is instituted before a justice of the peace
to recover upon an account, and a bill of particulars, giving the
items of the account, is filed with the complaint, and the amount
shown to be due by the bill of particulars exceeds the jurisdiction
of the justice, while the demand in the complaint is within his juris-
diction, the amount demanded in the complaint controls and de-
termines the question of jurisdiction.

PRACTICE.—*Action on Account.*—*Debits and Credits.*—*How Applied.*—
In an action upon an account containing debits and credits, the
plaintiff will not be required to designate which particular item or
items have been paid by the credits.

From the Warren Circuit Court.

*W. L. Rabourn,* for appellant.

*J. F. Hanly, E. Stansbury* and *J. C. Stephens,* for ap-
pellee.

Ross, J.—The appellee sued the appellant, before a
justice of the peace, upon an account, the amount due
thereon being seven dollars and eighty-three cents.
Afterwards, the appellee, by leave of court, amended his
complaint and bill of particulars, whereupon the appel-
lant moved the court to dismiss the action for want of
jurisdiction, which motion was overruled.

The appellant then filed an answer in two paragraphs,
of which the first was a plea of payment, and the second
by way of set-off.

Upon the issues thus formed, there was a trial, and a
verdict and judgment for the appellee in the sum of
four dollars.

From this judgment the appellant appealed to the
Warren Circuit Court, where the appellant renewed his
motion to dismiss the cause for want of jurisdiction, the

motion was overruled, and proper exception saved. Upon this ruling is predicated the first error assigned on this appeal.

With the amended complaint, the appellee filed, as an exhibit, a bill of particulars, containing the separate items of the account sued upon, wherein the aggregate thereof was shown to be $777.68, with credits to the amount of $277.32, leaving a balance due of $500.36.

The allegations of the complaint, as to the amount due and for which judgment is asked, are "that the defendant is indebted to the plaintiff in the sum of one hundred and ninety dollars ($190)," and "plaintiff demands judgment for one hundred and ninety dollars ($190) and costs of this suit and proper relief."

It is insisted on behalf of the appellant, that the amount in controversy exceeded the jurisdiction of the justice of the peace; that the amount in controversy is not the amount for which judgment is demanded, but is the balance shown on the statement of the account.

If the justice of the peace before whom the original judgment was rendered, had no jurisdiction of the sub-ject-matter, the circuit court had no jurisdiction on ap-peal. *Snell* v. *Mohan,* 38 Ind. 494; *Jolly* v. *Ghering,* 40 Ind. 139; *Pritchard* v. *Bartholomew,* 45 Ind. 219; *Mays* v. *Dooley,* 59 Ind. 287; *Doyle* v. *State, ex rel.,* 61 Ind. 324; *Horton* v. *Sawyer,* 59 Ind. 587; *Brown* v. *Goble,* 97 Ind. 86.

In an action on an account, brought before a justice of the peace, where the only complaint is the account itself, which shows on its face, that the amount due exceeds the jurisdiction of such justice, and the demand is in no way limited, the court should sustain a motion to dis-miss for want of jurisdiction. But when a complaint is filed to recover upon an account, and a bill of partic-ulars, giving the items of the account, is filed with the

complaint, and the amount shown to be due by the bill of particulars exceeds the jurisdiction, while the demand in the complaint is within the jurisdiction of the justice, the amount demanded in the complaint controls and determines the question of jurisdiction.

In *Murphy* v. *Evans*, 11 Ind. 517, the court, in passing upon the question of a justice's jurisdiction under section 1500, R. S. 1894, says: "The jurisdiction of the justice depends upon the amount of 'the debt or damages claimed.' Where the amount so 'claimed' exceeds the sum named, the justice would have no jurisdiction, whether the amount be claimed by the plaintiff, or by the defendant on his set-off." See, also, *Inhabitants Cong. Tp.* v. *Weir*, 9 Ind. 224, and cases cited; *Guard* v. *Circle*, 16 Ind. 401; *Pate* v. *Shafer*, 19 Ind. 173; *Calloway* v. *Byram*, 95 Ind. 423.

While the demand in a complaint may lessen the amount which appears to be due on the face of an account or note, it can not enlarge the same and thus divest the court of jurisdiction. *Collins* v. *Shaw*, 8 Ind. 516; *Murphy* v. *Evans, supra; Second Nat'l Bank* v. *Hutton*, 81 Ind. 101.

In this case, the amount demanded in both the complaint and set-off, as well as the amount recovered in the justice's and circuit courts, were clearly within the jurisdiction of the justice of the peace, hence there was no error in overruling the motion to dismiss.

The second error assigned is, that "The court erred in overruling defendant's motion to require plaintiff to elect upon what particular items he would depend, and to strike out the rest in his bill of particulars."

The record shows a motion made by the appellant to require the plaintiff (appellee) to elect upon which particular items in his bill of particulars filed with his complaint he sought a recovery, which was overruled and

exception saved. In this, we think, the court committed no error.

In an action upon an account containing debits and credits, the party will not be required to designate which particular item or items have been paid by the credits, for unless they were paid and applied in payment of certain items, they would simply stand as a general credit upon the entire account, which might be shown.

The third error assigned has not been discussed, hence is waived.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

