Filed May 11, 1894.

———————◆———————

1,201

## DECKER v. GRAVES.

**JUSTICE OF THE PEACE.—***Jurisdiction.—Amount Sought to be Recovered.*
—*Bill of Particulars.*—In an action before a justice of the peace, it is the amount for which judgment is sought that determines the question of jurisdiction, and not the amount shown by the bill of particulars filed as an exhibit with the pleading.

**JUDGMENT.—***Default.— When Should be Set Aside.—Appellate Court Practice.*—While the appellate tribunal will not review the action of the trial court in refusing to set aside a judgment taken by default, except where it appears that there has been an abuse of discretion, yet if to permit the judgment to stand would be an injustice which the court should rectify, the Appellate Court will order the judgment and default set aside.

From the Jasper Circuit Court.

*J. T. Brown* and *E. G. Hall,* for appellant.

*R. W. Marshall,* for appellee.

Ross, J.—The appellant sued the appellee before a justice of the peace and recovered judgment in the sum of $70.31, from which judgment the appellee appealed to the Jasper Circuit Court. The complaint filed by appellant consisted of three paragraphs, the first counting

upon an account and the second and third upon promissory notes, the amount sought to be recovered being $200. To the complaint the appellee filed an answer of set-off, claiming there was due him from appellant, in excess of the amount claimed in the complaint, the sum of $100.

In the circuit court the appellant failed to appear at the time the cause was called for trial, and was defaulted. There was a trial by the court and a finding and judgment for the appellee, on his plea of set-off, for $73.25. On the same day, and subsequent to the rendition of the judgment, the appellant filed a motion, supported by affidavit, "to set aside the default taken against him and and the judgment rendered thereon" on account of alleged inadvertence and excusable neglect. This motion was overruled by the court and the appellant excepted.

The motion and affidavit are made part of the record by bill of exception.

The appellant assigns two errors in this court for which he asks a reversal of the judgment of the court below, as follows:

1st. "That the trial court had no jurisdiction of this cause."

2d. "That the trial court erred in overruling appellant's motion to set aside the default entered against him."

It is now urged that the justice rendering the judgment had no jurisdiction of the subject of the action for the reason that the amount shown both by the bill of particulars filed with the first paragraph of the complaint and the one filed with the set-off, exceeded the jurisdiction of a justice of the peace. In this contention we can not concur. This question was decided adversely to appellant in the case of *Elgin* v. *Mathis*, 9 Ind. App. 277. As held in that case, it is the amount for which judgment

is sought that determines the question of jurisdiction, and not the amount shown by the bill of particulars filed as an exhibit with the pleading.

Did the court err in overruling the motion to set aside the default? Section 399, R. S. 1894, provides, among other things, that the court "shall relieve a party from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect."

Our Supreme Court, in construing this part of the section, has held that when the party asking the relief has made the proper showing, it is the imperative duty of the court to grant the relief. *Smith* v. *Noe,* 30 Ind. 117; *Phelps* v. *Osgood,* 34 Ind. 150; *Bush* v. *Bush,* 46 Ind. 70; *Cavanaugh, Admr.,* v. *Toledo, etc., R. W. Co.,* 49 Ind. 149.

While the statute is imperative that upon a proper showing the court shall grant relief, yet whether or not the evidence is sufficient to make such showing is often a question for the trial court exclusively, and within its discretion, and this court will not review the action of the lower court unless it affirmatively appears that there has been an abuse of that discretion. *Wells* v. *Bradley,* 3 Ind. App. 278.

From the facts shown in the affidavit filed in support of the motion to set aside the default, it is clearly apparent that the appellant's failure to appear in court until nine o'clock of the morning the cause was set for trial was on account of the condition of the roads, which were soft and muddy owing to recent rains. He resided twenty-three miles from Rensselaer, and started from his home at five o'clock in the morning, and if the roads had been in their usual condition he would have been in court at 8:30 o'clock, the hour court convened. It is also clear that he had a just and meritorious cause of action against the appellee, and that appellee should not have recovered judgment against him.

The application to be relieved from the default was made immediately upon appellant's arrival, which was but a few minutes after the default had been taken. He was prompt in making his application, and from the showing made was entitled to relief. The granting of the motion could in no manner have injured the appellee, while to permit the judgment to stand is an injustice which it was the duty of the court to rectify.

Judgment reversed, with instruction to set aside the judgment and default, and for further proceedings not inconsistent with this opinion.

