## Fitch et al. v. Long et al.

[No. 3,816.    Filed June 26, 1902.]

Appeal and Error.—*Action Within Jurisdiction of Justice of the Peace.*— The provision of §6 of the act of 1901 (Acts 1901, p. 565, §1337h Burns 1901) denying appeals to the Supreme or Appellate Court in civil cases within the jurisdiction of a justice of the peace, except as provided in §8 of the act, applies to an appeal from a judgment rendered before the act took effect, where the appeal was not perfected until after the act denying the right of appeal in such cases was in force. *pp. 464, 465.*

Same.—*Action Within Jurisdiction of Justice of the Peace.—Dismissal.*— An appeal forbidden by §6 of the act of 1901 (Acts 1901, p. 565,

§1337h Burns 1901) disclosing none of the exceptions enumerated in §8 of the act will be dismissed by the Appellate Court of its own motion. *pp. 465, 466.*

From Allen Superior Court; *J. H. Aiken*, Judge.

Action by Monroe W. Fitch and others, against Kittie Long and others for a brokerage commission. From a judgment for defendants, plaintiffs appeal. *Appeal dismissed.*

*W. Leonard* and *E. Leonard*, for appellants.
*H. Colerick*, for appellees.

ROBINSON, J.—Appellants sued appellees before a justice of the peace to recover brokerage commissions and recovered a judgment for $137.50. Appellees appealed to the Allen Superior Court where a trial resulted in a judgment in appellees' favor on January 31, 1901. On the same day appellants prayed an appeal to this court, which was granted on condition that appellants file their appeal bond in the sum of $200 within twenty days. On February 12, 1901, appellants filed their appeal bond, which was approved. On April 3, 1901, they filed a transcript of the proceedings of the trial court, together with their assignment of errors, in this court. This was a term-time appeal, the transcript having been filed in this court within sixty days after the filing of the appeal bond, as provided in §650 Burns 1901. The appeal was perfected by the filing of the transcript and assignment of errors in this court on April 3, 1901.

Section 6 of the act approved March 12, 1901 (§1337f Burns 1901), provides: "No appeal shall hereafter be taken to the Supreme Court or to the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace, except as provided in section eight of this act." Section 8 (§1337h Burns 1901) of the same act provides: "Every case in which there is in question, and such question is duly presented, either the validity of a franchise,

or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, State or federal, or the proper construction of a statute, or rights guaranteed by the State or federal Constitution, and which case would be otherwise unappearable [unappealable] by virtue of section six or section seven, shall be appealable directly to the Supreme Court, for the purpose of presenting such question only."

Although the judgment was rendered prior to the approval of the act of March 12, 1901, the appeal was not perfected until the filing of the transcript and assignment of errors, twenty-two days after that act was in force. *Bacon* v. *Withrow,* 110 Ind. 94; *Henderson* v. *Halliday,* 10 Ind. 24; *Lawrence* v. *Wood,* 122 Ind. 452; *Board, etc.,* v. *Vurpillat,* 14 Ind. App. 311; *Lake Erie, etc., R. Co.* v. *Watkins,* 157 Ind. 600; Elliott's App. Proc., §128; Ewbank's Manual, §§101, 102. "The question," said the court by Jordan, C. J., in *Lake Erie, etc., R. Co.* v. *Watkins, supra,* "as to whether the judgment from which the appeal is attempted to be taken was rendered before or after the time when the statute became effective is not a feature of the law. By the plain letter thereof it was intended to forbid the taking of any and all appeals within the class mentioned and not within some of the exceptions named in §8, after it went into effect, regardless of the time when the judgment from which the appeal is attempted to be taken was rendered."

As the appeal was not perfected until after the act denying the right of appeal in such cases was in force, it follows that this court has no jurisdiction to determine the merits of the case. It is true, no motion to dismiss the appeal has been made, but as it is a question relating to jurisdiction of the subject-matter,—a matter which the parties to the appeal can not waive nor the court itself disregard,—it becomes the duty of the court to dismiss such an appeal on

its own motion for want of jurisdiction. *Michigan, etc., Ins. Co.* v. *Frankel,* 151 Ind. 534. See, also, *Abshire* v. *Williamson,* 149 Ind. 248; *Vordermark* v. *Wilkinson,* 142 Ind. 142; *Hawkins* v. *McDougal,* 126 Ind. 544.

As the record discloses none of the exceptions enumerated in §8 of the act of March 12, 1901 (§1337h Burns 1901), placing jurisdiction of the case in the Supreme Court, there is no authority for transferring the case to that court under the provisions of §1362 Burns 1901. The appeal is dismissed.