## EVERETT PIANO COMPANY v. BASH.

[No. 4,504. Filed October 16, 1903.]

APPEAL AND ERROR.—*Jurisdiction.*—*Dismissal.*—The Appellate Court takes notice of its jurisdiction, and will dismiss an appeal, where it has no jurisdiction thereof, without a motion to dismiss. *pp. 499, 500.*

SAME.—*Jurisdiction.*—*Amendatory Act.*—The act of 1903 (Acts 1903, p. 280) amending §6 and §7 of the act of 1901 (Acts 1901, p. 565) concerning appeals applies only to appeals taken after the taking effect of the amendatory act. *p. 500.*

JUSTICES OF THE PEACE.—*Jurisdiction.*—The clause of §1500 Burns 1901 giving justices of the peace jurisdiction to the extent of $100 is surplusage as to the amount stated, and, under this statute, justices of the peace have original jurisdiction in actions of contracts or tort, where the debt or damage claimed, or the value of the property sought to be recovered, does not exceed $200, and have jurisdiction to enter judgment by confession to the amount of $300. *p. 500.*

APPEAL AND ERROR.—*Cause Within Jurisdiction of Justice of the Peace.*—*Complaint.*—*Demand.*—In a suit for damages for a breach of a written warranty in the sale of a piano, certain defects in the

construction of the piano were alleged in the complaint, for which certain expenses were incurred, and it was alleged, "that the said instrument, if equal to the guaranty, would be of the value of $250, whereas it is, in fact, worth not to exceed $125, demanding judgment for $200 damages. The complaint was amended by changing the amount as to the value of the piano from $250 to $400, but the demand was not increased, and plaintiff recovered a judgment for $200, from which an appeal was taken. *Held*, that the amendment did not affect the jurisdiction, as the amount of damages demanded was not changed, that the cause was within the jurisdiction of a justice of the peace, and an appeal thereof to the Supreme or Appellate Court was prohibited by the act of 1901 (Acts 1901, p. 565). *pp. 500–504.*

From Wabash Circuit Court; *W. G. Sayre*, Special Judge.

Action by Sherman F. Bash against the Everett Piano Company. From a judgment for plaintiff, defendant appeals. *Appeal dismissed.*

*J. F. France* and *Z. T. Dungan*, for appellant.
*U. S. Lesh* and *Eben Lesh*, for appellee.

BLACK, J.—The appellant was sued by the appellee for damages for a breach of a written warranty in the sale of a piano.

The appellee, appearing specially, has filed a motion for the dismissal of the appeal for want of jurisdiction. The appeal was taken in term time, the transcript on appeal being filed July 15, 1902. The act of March 12, 1901, concerning appeals, etc. (Acts 1901, p. 565 *et seq.*, §1337a *et seq.* Burns 1901), provided in §6: "No appeal shall hereafter be taken to the Supreme Court or to the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace except as provided in §8 of this act." There is not in this case any question mentioned in §8 of that statute, and, therefore, if the cause is one within the jurisdiction of a justice of the peace, the appeal must be dismissed; and this would be true without a motion to dismiss, inasmuch as this court must take notice

of its want of jurisdiction. *Fitch* v. *Long,* 29 Ind. App. 463. The act of 1903 (Acts 1903, p. 280), amending §6 and §7 of the above mentioned statute of 1901, relates by its terms only to appeals taken after the taking effect of the amendatory act, March 9, 1903. By §10 of an act of 1861 (Acts 1861, p. 140, §1500 Burns 1901) it is provided: "Justices of the peace shall have jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought to be recovered does not exceed $100, and concurrent jurisdiction to the amount of $200, but the defendant may confess judgment for any sum not exceeding $300. No justice shall have jurisdiction in any action of slander, for malicious prosecutions, or breach of marriage contract, nor in any action wherein the title to lands shall come in question, or the justice be related by blood or marriage to either party." The clause of this statute giving jurisdiction to the extent of $100 is surplusage as to the amount stated, and, under this statute, justices of the peace have original jurisdiction in actions of contract or tort, where the debt or damage claimed, or the value of the property sought to be recovered, does not exceed $200, and have jurisdiction to enter judgment by confession to the amount of $300. *Leathers* v. *Hogan,* 17 Ind. 242; *Chicago, etc., R. Co* v. *Spencer,* 23 Ind. App. 605; *Second Nat. Bank* v. *Hutton,* 81 Ind. 101; *Dugdale* v. *Doney,* 28 Ind. App. 283.

The written warranty declared upon, in the body thereof, was as follows: "This is to certify that the piano, style seventeeen, E. B. No. 20,059, manufactured by the Everett Piano Company and sold by Wm. John & Son, of Huntington, Indiana, is warranted against any defect in manufacture, and seven years are allowed to test the same." It was alleged in the complaint, "that said piano is defective in the manufacture thereof, in this: that it will not remain in tune for a reasonable length of time, and

that the plaintiff is required to employ a skilled workman to place the same in tune as often as four times annually. Plaintiff avers that said failure to remain in tune results from defects in the construction and manufacture thereof. Plaintiff avers that by reason of said defective construction and manufacture he has been required to expend the sum of $65 in having the same placed in tune, and has by reason thereof been damaged in said sum of $65; that he was once required to ship said piano to Cincinnati for repair, at an expense of $10, by which he was damaged in the said sum of $10; that the said instrument, if equal to the guaranty, would be of the value of $400, whereas it is, in fact, worth not to exceed $125. Plaintiff avers that the aforesaid defect in the construction and manufacture of said piano constitutes a breach of the said guaranty, by which breach he has been damaged in the sum of $200, as above set out. Wherefore plaintiff prays judgment for $200 damages, his costs, and all other proper relief."

It appears from an entry of record that the court granted the appellee leave to amend the complaint "by changing the amounts as to value of instrument from $250 to $400." Upon trial the court found for the appellee in the sum of $200, and thereupon rendered judgment accordingly.

In *Washburn* v. *Payne,* 2 Blackf. 216, the action was brought before a justice of the peace on a bond for $175, with condition for the delivery of certain property. The plaintiff, in stating his cause of action, claimed $81.25, and he had judgment for that amount. The statute gave jurisdiction to a justice of the peace where the sum due or demanded did not exceed $100. It was held that the cause was within the jurisdiction of the justice of the peace.

In *State Bank* v. *Brooks,* 4 Blackf. 485, it was held that the whole amount of the several sums demanded in the declaration, and not the amount of any particular item, should be considered in respect to the jurisdiction of the

court. See, also, *Beard* v. *Kinney,* 6 Blackf. 425; *Anderson* v. *Farns,* 7 Blackf. 343.

In *Swift* v. *Woods,* 5 Blackf. 97, an action of assumpsit before a justice of the peace, there were three counts in the declaration, in each of which there was a separate claim for $50 for breach of contract. It was said: "The plaintiff in this action claims, by three counts, $150, which sum is beyond the jurisdiction of a justice of the peace. And there is no general conclusion to the declaration limiting this claim." It was held that there was want of jurisdiction.

In *Epperly* v. *Little,* 6 Ind. 344, concerning the sum laid in the conclusion of a declaration in assumpsit and other actions sounding in damages, it was said: "We think the sum so laid limits, but does not enlarge the plaintiff's claim." See, also, *Collins* v. *Shaw,* 8 Ind. 516; *Brown* v. *Lewis,* 10 Ind. 232; *Harvey* v. *Ferguson,* 10 Ind. 393.

In *Short* v. *Scott,* 6 Ind. 430, a cause commenced before a justice of the peace, the declaration contained three counts—one for killing a dog of the value of $45, another for killing a deer of the value of $5, and another for killing another dog of the value of $45; the only damages laid being at the conclusion of the declaration, in the sum of $50. It was said: "Here the sum demanded, and of course the limit of the right to recover, being $50, we are of the opinion that the magistrate had jurisdiction."

*Culley* v. *Laybrook,* 8 Ind. 285, was assumpsit, commenced before a justice of the peace. There were four counts. In the first it was alleged that in consideration that the plaintiff, at the defendant's request, would buy of him a certain mare for $65, the defendant undertook and promised the plaintiff that the mare was sound; that the plaintiff bought the mare of the defendant, and paid him that amount of money, when, in truth, she was unsound and of no value. The second count was substantially the same as the first. The third was for $75, money lent, and the

fourth was for $75, money found due from the defendant to the plaintiff on an account stated, "to the damage of the plaintiff, $75." There was judgment for the plaintiff before the justice for $1, and in the circuit court for $65. It was said: "The amount stated in the general conclusion to the cause of action must be considered the limit of the plaintiff's demand,—which amount, in the present form of action, is within a justice's jurisdiction. In the absence of such general conclusion, the decision of the court [in overruling a motion to dismiss, for want of jurisdiction] would have been erroneous; but as the case stands, the ruling must be sustained."

In *Inhabitants, etc.,* v. *Weir,* 9 Ind. 224, commenced before a justice of the peace, the complaint set out a note for $93.88, with a credit of $31.25, with paragraphs for goods sold, $100, and one for work and labor, $100; the damages demanded in conclusion being $100. It was said: "The sum thus laid at the conclusion constitutes the claim and determines the jurisdiction." The claim was held to be within the jurisdiction of the justice of the peace.

In *Murphy* v. *Evans,* 11 Ind. 517, a case originating before a justice of the peace, the jurisdiction, under the terms of the statute depending upon the amount of "the debt or damages claimed," it was said: "A party can not, by a claim for damages, give himself a right to recover more than the facts stated by him will warrant. If he sues only upon a note for $500, although he claims damages to the amount of $1,500, he can only recover his $500 and interest, and that sum is all there is in controversy. But such is not the case where a party claims damages less than the facts pleaded by him will warrant. In such case, he is bound by the sum claimed as damages and can recover no more. He may lessen, but can not enlarge, by his claim for damages, the amount apparently due by the facts set up." See, also, *Guard* v. *Circle,* 16 Ind. 401; *Mitchell* v. *Smith,* 24 Ind. 252; *Mays* v. *Dooley,*

59 Ind. 287; *Louisville, etc., R. Co.* v. *Breckenridge,* 64 Ind. 113; *Breidert* v. *Krueger,* 76 Ind. 55; *Second Nat. Bank* v. *Hutton,* 81 Ind. 101.

In *Elgin* v. *Mathis,* 9 Ind. App. 277, it was said that where a complaint is filed before a justice of the peace to recover upon an account, and a bill of particulars giving the items of the account is filed with the complaint, and the amount shown to be due by the bill of particulars exceeds the jurisdiction, while the demand in the complaint is within the jurisdiction of the justice, the amount demanded in the complaint controls and determines the question of jurisdiction. See, also, *Decker* v. *Graves,* 10 Ind. App. 25; *Lee* v. *Watson,* 1 Wall. 337, 17 L. Ed. 557.

The amendment of the complaint before us, stating the value of the instrument, did not affect the question of jurisdiction. The amount of damages demanded was not changed, and it was within the jurisdiction of a justice of the peace.

The appeal is dismissed.