IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1915, AND NOVEMBER
TERM, 1915, IN THE NINETY-NINTH AND ONE
HUNDREDTH YEARS OF THE STATE.

---

### WARD ET AL. *v.* PERRY.

[No. 8,826.   Filed October 29, 1915.]

1. JUSTICES OF THE PEACE.—*Jurisdiction.*—*Dismissal.*—In view of §1721 Burns 1914, §1433 R. S. 1881, limiting the jurisdiction of justices of the peace in actions on contracts or torts to cases where the amount demanded does not exceed $200, a circuit or superior court can acquire no jurisdiction on appeal from the judgment of a justice of the peace in an action where the amount demanded exceeds $200, and should dismiss the appeal.  p. 3.

2. JUSTICES OF THE PEACE.—*Jurisdiction.*—*How Determined.*— The amount declared or demanded, and not the amount due, determines the question of whether a justice of the peace has jurisdiction of the subject-matter of an action under §1721 Burns 1914, §1433 R. S. 1881.  p. 3.

3. JUSTICES OF THE PEACE.—*Jurisdiction.*—Where the complaint in an action before a justice of the peace was in three paragraphs, in each of which the recovery of an unliquidated claim was sought, and in the last of which the amount claimed by virtue of the causes alleged in all the paragraphs was restricted to $200, the justice had jurisdiction of the subject-matter, notwithstanding the amount of damages alleged in each paragraph, when combined, exceeded the amount fixed as the limit of jurisdiction by §1721 Burns 1914, §1433 R. S. 1881.  p. 6.

4. PLEADING.—*Complaint.*—*Sufficiency.*—*Initial Attack on Appeal.*—An original attack on appeal made against a complaint consisting of more than one paragraph could not prevail if either paragraph was good.  p. 6.

5. TRESPASS.—*Action.*—*Complaint.*—*Sufficiency.*—Where each paragraph of complaint was based upon a trespass committed by defendants' live stock upon the premises of plaintiff, an allegation of plaintiff's freedom from fault was not necessary, and, even if requisite, was supplied by the averment that plaintiff did all that he could to prevent the injury complained of.   p. 6.

6.   APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—The evidence is suffi-
cient to sustain the decision of the trial court in favor of plaintiff
where it appears that there was some evidence supporting every
material allegation of the complaint.     p. 7.

From Superior Court of Madison County; *H. Clarence Austill*, Judge.

Action by William R. Perry against Louisa G. Ward and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Jesse E. Hall* and *Kittinger & Diven*, for appellants.

*James A. May*, for appellee.

MORAN, J.—Appellee was awarded judgment against appellants in the lower court for the sum of $187.50, for grain consumed and growing crops destroyed by appellants' live stock.   The action originated before a justice of the peace of Monroe Township, Madison County, Indiana, and reached the Superior Court of Madison County on appeal. At the very onset, this cause presents for our consideration the question as to whether the justice of the peace before whom the cause was originally filed and tried had jurisdiction of the subject-matter.

The complaint was in three paragraphs.   The first paragraph, after setting forth the time, place and character of the damages alleged to have been done to appellee's crops by appellants' live stock, further alleges in substance that the crop destroyed was of the fair and reasonable value of $25, and that appellee was damaged in said sum, for which judgment was demanded.   The second paragraph of complaint in so far as it relates to the injury alleged to have been committed by appellants' live stock to appellee's property, alleges in substance that appellee was damaged in the sum of $200, and that the reasonable value of the property so destroyed and con-

sumed was $200, which was due and unpaid and for which judgment was demanded on this paragraph. The third paragraph, after alleging a similar injury as set forth in the second paragraph of complaint and damages by reason thereof in the sum of $200, further in substance alleges that all the property so injured and destroyed by appellants' animals on the premises in the possession of appellee was his property and was of the reasonable value of $200, for which he demands judgment on this paragraph, and concludes for judgment on all paragraphs for $200.

So much of the statute as is material to a presentation of the question here involved reads: "Justices of the peace shall have jurisdiction to try

1. and determine suits founded on contracts or torts, where the debt or damage claimed or the value of the property sought to be recovered does not exceed one hundred dollars and concurrent jurisdiction to the amount of two hundred dollars." §1721 Burns 1914, §1433 R. S. 1881.

It is elementary that, if the justice of the peace had no jurisdiction of the subject-matter, then the Superior Court of Madison County could not have acquired jurisdiction on appeal, and the motion to dismiss for a want of jurisdiction should have been sustained. *Second Nat. Bank* v. *Hutton* (1881), 81 Ind. 101; *Elgin* v. *Mathis* (1894), 9 Ind. App. 277, 36 N. E. 650.

The adjudicated cases are not free from confusion as to the proper method of ascertaining whether the amount involved exceeds or is within the

2. amount for which the justice of the peace has jurisdiction; but out of the authorities may reasonably be adduced a general rule that the amount declared or demanded and not the amount due determines the jurisdiction of the justice of the

peace.  *Mitchell* v. *Smith* (1865), 24 Ind. 252; *Elgin* v. *Mathis, supra; Calloway* v. *Byram* (1884), 95 Ind. 423; *Everett Piano Co.* v. *Bash* (1903), 31 Ind. App. 498, 68 N. E. 329; *Decker* v. *Graves* (1894), 10 Ind. App. 25, 37 N. E. 550; *State, ex rel.* v. *Forry* (1878), 64 Ind. 260; *Guard* v. *Circle* (1861), 16 Ind. 401; *Albaugh Bros. Dover Co.* v. *White* (1910), 26 Okl. 24, 108 Pac. 360, Ann. Cas. 1912 A  1283. In *Short* v. *Scott* (1855), 6 Ind. 430, where the damages sought were for the killing of two dogs and a deer, on three counts respectively, the aggregate amount sued for in the three counts exceeded the jurisdiction of the justice of the peace, but the concluding amount demanded was $50, which was the limit under the statute at that time for an action of this character.  It was held that the cause came within the jurisdiction of the justice of the peace following the case of *Wetherill* v. *Inhabitants, etc.* (1840), 5 Blackf. 357, wherein it was said, "In assumpsit, and other actions sounding in damages, the sum laid in the conclusion of the declaration constitutes the amount of plaintiff's claim."  In *Pate* v. *Shafer* (1862) 19 Ind. 173, an action was commenced before a justice on an account claiming a balance due of $62.46.  The defendant filed a set-off of various items amounting to $500, but claimed judgment not to exceed $100.  The court said, "In the complaint, the amount demanded in the conclusion is the criterion of the jurisdiction." Here the defendant claimed judgment in an amount not to exceed $100, which brought the cause within the jurisdiction of the justice of the peace.  "The mere fact that the cause of action arises out of a demand whose total sum exceeds the jurisdictional limit, will not prevent the attacking of the jurisdiction, providing the real amount due in the particular case is alone claimed."  1 Ency. Pl. and

Pr. 715; *Second Nat. Bank* v. *Hutton, supra.* In *Brown* v. *Cain* (1881), 79 Ind. 93, judgment was taken by default in the sum of $200 on a note, which with interest exceeded $200. The demand was for $200. It was held that the cause of action was within the jurisdiction of the justice of the peace, the court saying, "It does not appear that the plaintiff in the action claimed more than two hundred dollars." In *Elgin* v. *Mathis, supra,* the court held that where an action is brought on an account where the only complaint is the account itself, which showed that the amount due exceeded the jurisdiction, and the demand was in no way limited, the court should sustain a motion to dismiss. But when a complaint is filed on an account and a bill of particulars is filed therewith, and the amount shown to be due in the bill of particulars exceeds the jurisdiction, while the demand in the complaint does not, the amount demanded in the complaint determines the question of jurisdiction. So even where a cause of action is based upon a bill of particulars, the amount for which judgment is sought or the demand claimed constitutes and is the criterion. *Decker* v. *Graves, supra; Calloway* v. *Byram, supra; Murphy* v. *Evans* (1859), 11 Ind. 517. In *Everett Piano Co.* v. *Bash, supra,* it was held that where the plaintiff was permitted to amend his complaint by changing the amount of the value of the instrument, for which the action is brought, from $250 to $400, but where the amount demanded was $200, that it was within the jurisdiction of the justice of the peace. In *State, ex rel.* v. *Forry, supra,* 263, one paragraph of complaint demanded a recovery of personal property valued at $50 and $50 damages for the detention thereof, another paragraph demanded judgment for $106 additional for money embezzled. Judgment was rendered for $156. It was held that

the amount claimed exceeded the justice's jurisdiction, and in doing so, the court made use of the following language: "In the case we are considering the amount claimed as to the value of the property sought to be replevied, was fifty dollars, the amount of damages claimed for its detention was fifty dollars, and the amount claimed in the second paragraph of complaint for embezzlement was one hundred and six dollars additional, making a sum total of two hundred and six dollars, the claim for which amount is not restricted in any part of the complaint."

In the case at bar the amount claimed is restricted to the sum of $200, at the close of the last paragraph of the complaint. The claim sought to be reduced to judgment in each paragaph of the complaint was unliquidated and, when considered in the light of the authorities and the language at the close of the last paragraph of complaint, we have reached the conclusion that the justice of the peace had jurisdiction to hear and determine the cause and no error was committed in overruling the motion in the superior court to dismiss the cause for want of jurisdiction.

It is urged that the complaint is fatally defective because it does not allege that appellee was free from fault. The complaint, it will be remembered, is in three paragraphs, and the attack is an original one in this court and cannot prevail if there is one good paragraph of complaint, although the other paragraphs might be defective. It is alleged in appellee's third paragraph of complaint that he did all that he could to prevent such injury and destruction of the property and the crops destroyed. This is a sufficient allegation if such allegation is necessary, and renders the complaint impervious to the

infirmity pressed. Elliott, App. Proc. §474. And further, we might add that each paragraph of the complaint is based upon a trespass committed by appellants' live stock upon appellee's premises, and it was unnecessary for appellee to allege that he was free from fault. *Atkinson* v. *Mott* (1885), 102 Ind. 431, 26 N. E. 217.

An examination of the record discloses that there is some evidence supporting each material allegation of the complaint, hence there was no er-
6. ror committed by the court in overruling appellant's motion for a new trial on the ground that the decision of the court was not supported by sufficient evidence. *Williams* v. *Huffman* (1906), 39 Ind. App. 315, 76 N. E. 440.

After a consideration of each of the errors presented by appellants, we find no cause for reversal. Judgment affirmed.

NOTE.—Reported in 109 N. E. 936. Amount claimed as amount due as determining jurisdiction of justice of peace, see Ann. Cas. 1912 A 1284. See, also, under (1) 24 Cyc 641; (2) 24 Cyc 464; (3) 24 Cyc 465, 466; (4) 3 C. J. 788; 2 Cyc 691; (5) 3 C. J. 145, 146; 2 Cyc 411; 38 Cyc 1078; (6) 3 Cyc 348, 360.